OPINION
{¶ 1} This is a consolidated appeal. In Ashtabula County Common Pleas Court Case No. 2004 CR 239, appellant pleaded guilty to the following counts of a fifteen count indictment: Counts 1, 2, 13, 14, and 15, assault on a police officer, R.C. 2903.13; Count 4, possession of criminal tools, R.C. 2923.24; Count 5, having weapons under disability, R.C. 2923.13, Count 9, illegal manufacture of drugs, R.C. 2925.04; Count 10, illegal assembly or possession of chemicals for the manufacture of drugs, R.C.2925.041; and Count 11, grand theft, R.C. 2913.02. The remaining counts were dismissed.
 {¶ 2} The trial court sentenced appellant to serve one year each on Counts 1 and 2 and nine months each on Counts 4 and 5. The sentences under Counts 2, 4 and 5 were to be served concurrently with each other and consecutive to the sentence for Count 1. The trial court sentenced appellant to serve one year each on Counts 11 and 13 with those sentences to be served concurrently with each other and consecutively with the other sentences. The trial court sentenced appellant to one year each on Counts 14 and 15, with these sentences to be served consecutively and consecutive to the other sentences. The trial court sentenced appellant to a mandatory five-year term on Count 9 and to three years on Count 10. The sentences on Counts 9 and 10 were to run concurrently with each other and consecutive to the sentences imposed on Count 1; Counts 2, 4, and 5; Counts 11 and 13; Count 14; and Count 15; for an aggregate sentence of ten years.
 {¶ 3} In Ashtabula County Common Pleas Court Case No. 2005 CR 15, appellant pleaded guilty to the following counts of a five count indictment: Count 3, possession of methamphetamine, R.C.2925.11, Count 4, illegal manufacture of drugs, R.C. 2925.04, a lesser included offense of Count 4 of the indictment; and Count 5, illegal assembly or possession of chemicals for the manufacture of drugs, R.C. 2925.04, a lesser included offense of Count 5 of the indictment.
 {¶ 4} The trial court sentenced appellant to eleven months on Count 3, six years on Count 4, and four years on Count 5. The trial court ordered these sentences to run concurrently with each other and concurrent with the sentences in Case No. 2004 CR 239.
 {¶ 5} Appellant filed a timely appeal in each case and we consolidated the cases for disposition. Appellant assigns the following error for our review:
 {¶ 6} "The sentence [sic] imposed against appellant, which involved sentencing enhancements not found by a jury, is [sic] unconstitutional under the holding of the United States Supreme Court in Blakely v. Washington (2004), 124 S.Ct. 2531."
 {¶ 7} In Case No. 2004 CR 239, the trial court ordered appellant to serve more than the minimum sentence on each count and ordered consecutive sentences. In Case No. 2005 CR 14, the trial court order appellant to serve more than the minimum sentence on each count.
 {¶ 8} As Ohio's felony sentencing scheme existed at the time of appellant's sentencing a trial court could only impose more than the minimum sentence if it found certain factors set forth in R.C. 2929.14(B). Likewise, the trial court could only impose consecutive sentences if it found certain factors set forth in R.C. 2929.14(E)(4) and 2929.41(A).
 {¶ 9} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court held R.C. 2929.14(B), 2929.14(E)(4) and2929.41(A) unconstitutional and severed them from Ohio law. Id. at paragraphs one, two, three, and four of the syllabus.
 {¶ 10} In the instant cases, the trial courts found factors set forth in R.C. 2929.14(B) supported the imposition of more than the minimum sentences and that factors under R.C.2929.14(E)(4) supported the imposition of consecutive sentences. Thus, appellant's sentences are unconstitutional under Foster.
 {¶ 11} For the foregoing reasons, appellant's assignment of error has merit. The judgments of the Ashtabula County Common Pleas Courts are reversed and these matters are remanded for resentencing in accordance with the mandates of Foster.
Ford, P.J., O'Toole, J., concur.